CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 10 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DOROTHY E. CONSTABLE, | ) | CASE NO. 5:11CV00023 |
| | ) | |
| Plaintiff, | ) | SUPPLEMENTAL |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

On November 17, 2011, the undersigned entered a Report and Recommendation recommending that an Order enter granting the plaintiff's motion for summary judgment and remanding the case to the Commissioner for further proceedings on the basis that the Law Judge erred in finding that plaintiff's osteoporosis was a non-severe impairment at step two in the sequential evaluation. No objections were filed to the Report and Recommendation; however, upon review, the presiding District Judge referred this matter back to the undersigned to address whether substantial evidence supports the Law Judge's finding at step five that there were jobs that exist in significant numbers in the national economy that plaintiff could perform. For the reasons addressed more fully below, it is again RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

As the undersigned noted in the prior Report, the record is replete with evidence demonstrating that plaintiff suffered diagnosable osteoporosis which caused work-related limitations. Most significantly, the Commissioner's own consultative medical examiner, Christopher Newell, M.D., found that plaintiff experienced postural limitations caused by the

osteoporosis in her spine. (R. 385-386.) Specifically, the physician opined that plaintiff's ability to bend, stoop, and squat were limited. (*Id.*)

The record reveals that the limitations caused by plaintiff's osteoporosis are more than minimal and significantly limit her ability to perform work activities. As noted, these effects of severe osteoporosis were not addressed by the Law Judge, and they bear on whether plaintiff can perform alternate gainful activity. For this reason, the undersigned finds that the Law Judge's ultimate finding that jobs exist in significant numbers in the national economy that plaintiff could perform is not supported by substantial evidence. Thus, there is good cause to remand the case for further proceedings. The Commissioner, then, will have the option either to grant benefits or recommit the case for further evidentiary proceedings in which a law Judge is to reconsider plaintiff's residual functional capacity and where all the effects of plaintiff's maladies may be taken into account by a vocational expert in determining whether jobs are available to a person with her limitations.

Accordingly, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. §

636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

April 10, 2012
Date